SPALDING *v.* BROOKS & a.

It is sufficient for the court, on the trial of an issue, whether a testator was induced to make his will by undue influence, to state the general rule on that subject. They are not bound to illustrate it by reference to particular portions of the evidence.

APPEAL, from the probate of a will. One issue tried was, whether the testator was induced to make the will by undue influence. The court gave the jury general instructions on the subject, substantially like those given in *Boardman* v. *Woodman*, 47 N. H. 120. The defendants excepted to the refusal to give specific instructions applicable to particular parts of the evidence. Verdict for the plaintiff, and motion by the defendants for a new trial.

*Cross & Burnham*, for the defendants.

*Burns*, for the plaintiff.

STANLEY, J. It was enough for the court to state the general rule as to what constituted undue influence, and leave it to the jury to apply the law given them by the court to the specific facts proved.

The court are not bound to illustrate and apply the general principle on this subject by and to particular parts of the evidence. The result of such a course would be to give undue prominence to some portions of the evidence, and thus lead the minds of the jury away from the main question at issue. It was the duty of counsel, in the argument, to call the attention of the jury to the evidence bearing upon the issue, and to make such comments on it as would tend to sustain the position they took.

The instructions in this case were sufficient, and there was no error in refusing to give those asked for by the defendants.

*Motion denied.*

BINGHAM, J., did not sit.